**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-cv-24895-GAYLES**

**DANIELD AURELIO SANCHEZ,**

     **Plaintiff,**

**v.**

**SARGEANT LA MADRID,**

     **Defendant,**

_____/

**<u>ORDER DISMISSING CASE</u>**

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. Plaintiff, appearing *pro se*, filed this action against "Metro Dade P.D. Sergeant La Madrid" ("Sgt. La Madrid") on October 23, 2025. [ECF No. 1]. Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis* the same day. [ECF No. 3]. Plaintiff subsequently filed Amended Complaints against Sgt. La Madrid on October 31, 2025, [ECF No. 7], and on March 12, 2026 ("Second Amended Complaint"), [ECF No. 17].

Because Plaintiff has moved to proceed *in forma pauperis*, the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e), are applicable. Pursuant to that statute, the court is permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

The standards governing dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those governing dismissals under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short

and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer,* 562 U.S. 521, 530 (2011).

In his Second Amended Complaint, Plaintiff alleges that Sgt. La Madrid bullied Plaintiff by giving him an unconstitutional order "to never come back to Miami Dade County." [ECF No. 17 at 2]. Plaintiff also alleges that Sgt. La Madrid may have "been the person responsible for calling local Gautier [Mississippi] police to stop by [Plaintiff's] house and check on [him]" concerning a potential suicide. *Id*. at 4. The Second Amended Complaint does not identify which of Plaintiff's constitutional rights were violated, nor does it allege sufficient facts to show how Sgt. La Madrid's actions violated his constitutional rights. Furthermore, Plaintiff does not assert a specific cause of action or indicate how this Court has jurisdiction over his claims. Therefore, this action must be dismissed without prejudice for failure to state a claim and for lack of subject matter jurisdiction. *See Merriweather v. DCH Hosp. Tuscaloosa*, No. 24-12745, 2025 WL 3089916, at *2 (11th Cir. Nov. 5, 2025) ("Even pro se plaintiffs must establish federal subject matter jurisdiction.").

2

Accordingly, it is **ORDERED AND ADJUDGED** that this action is **DISMISSED without prejudice** and **CLOSED** for administrative purposes. All pending motions are **DENIED as MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of April, 2026.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

3